```
                    UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                                  Criminal No. 09-cr-010-01-JL

Otis Campbell


**O R D E R**

On August 6, 2010, defendant appeared for a "probable cause" hearing under Fed. R. Crim. P. 32.1 on five (5) alleged violations of conditions of supervision.  The petition charges the following violations:

(1)  Defendant failed to secure legitimate employment since his release from custody on July 16, 2009, in violation of Standard Condition #5;

(2)  Since May 20, 2010, defendant failed to complete any of his ten (10) hours of weekly community service in violation of the court's order modifying the terms and conditions of supervision dated January 27, 2010;

(3)  On July 14, 2010, defendant failed to report to the U.S. Probation Office in violation of instructions given to him on June 4, 2010;

(4)  On July 21, 2010, defendant failed to report to the U.S. Probation Office in violation of instructions given to him

on June 4, 2010; and

(5)  On August 3, 2010 and August 4, 2010, defendant failed to comply with a curfew (7:00pm to 6:00am) in violation of the order on conditions of release issued on July 29, 2010.

On the request of defendant, the court conducted a probable cause hearing at which U.S. Probation Officer, Matthew J. DiCarlo, was the sole witness.  Defendant did not rebut the government's proof on violations number 2, 3 and 4. Defendant did, however, attempt to rebut the government's proof on violation number 5.  On that issue, the government established that defendant received a copy of the order setting his curfew, that he neither sought nor received permission to be excused from the curfew, and that he was not at his residence by 7:00pm on August 3rd and 4th.  In response, defendant argued that (1) his failure to satisfy the curfew requirement on August 3rd should be excused because he was seeking employment during the hours he was violating curfew, and (2) the government has not conclusively rebutted the possibility that, despite his live-in girlfriend's representation that defendant was not present at their residence at 7:20pm on August 4th, he may have been in the upstairs of the premises or in the backyard of the property.  On questioning from

the court, however, defendant declined to affirmatively take the position that he in fact was on the premises on August 4th and offered no evidence to support such a theory.  Thus, defendant having failed to rebut the evidence establishing that he was aware of his curfew and was not in his residence at the time of the curfew on both August 3rd and August 4th, the government has met its burden to establish probable cause on violation number 5.

   Finally, as to violation number 1, the government offered proof that (1) Standard Condition #5 in defendant's criminal judgment required him to secure legitimate employment after his release from custody on July 16, 2009, (2) he had failed to obtain employment since that date, and (3) he had failed to take reasonable efforts to obtain a driver's license, a non-driver's identification card, or his birth certificate or other identification information from the State of New York (without which both Officer DiCarlo and defendant maintain makes it significantly more difficult to secure employment).  Defendant countered by eliciting that he had produced job logs indicating efforts to obtain employment and that the U.S. Probation Office did not provide funding to allow him to return to New York to obtain identification documentation.  Defendant argued that his

efforts were restricted by a difficult job market, his lack of identification documentation, and that a job he had secured at Taco Bell in July was lost when Officer DiCarlo contacted the restaurant to confirm defendant had applied for a job (defendant presented no evidence to support the assertion he had secured a job a Taco Bell). These arguments, however, were rebutted by evidence establishing that the U.S. Probation Officer instructed defendant repeatedly since his release last July about the importance of obtaining identification information, that on numerous occasions the Officer offered assistance to obtain this information in New Hampshire (as recently as August 4, 2010), and that defendant never requested financial assistance to return to New York to locate such information. Based on the evidence presented, the court finds probable cause to believe that defendant lacked any sincere initiative to obtain employment over the past year, that his failure to obtain identification document (which he maintains renders it nearly impossible to secure employment) was due to his own willful failure to act or to accept the assistance of the U.S. Probation Officer, and that he is currently willfully unemployed over one year after his release.

Having weighed the evidence, and for the reasons more fully stated on the record, I find probable cause that defendant has violated all the conditions charged in the petition. I therefore find probable cause to hold him for a revocation hearing.

Defendant sought bail conditions under Rule 32.1(a)(6). Under Rule 32.1(a)(6) defendant bears the burden of establishing by clear and convincing evidence that he will not flee and that he poses no danger to any other person or to the community. Based on the evidence and argument presented at the hearing, I find defendant has failed to meet this burden and that there are no conditions or combination of conditions which are likely to assure the safety of the community or will assure compliance with conditions of release. In sum, beginning in May of this year, when defendant chose to suspend his community service obligation, he has shown a willful disregard for the directives of the U.S. Probation Office and the orders of this court. In July alone he twice failed to report to U.S. Probation, failed to return calls of Probation Officers, made a hostile and demanding telephone call to Officer DiCarlo after he learned about the first violation (dated July 22, 2010), and then twice violated curfew within five (5) days of his most recent appearance before the

court.  Both the U.S. Probation Office and this court have been patient and have given defendant numerous chances to comply with court orders and U.S. Probation's directives; those chances have come to an end at this time.  For the reasons more fully developed on the record, defendant shall be detained pending the final revocation hearing in this matter.

   Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

   **SO ORDERED.**

                              /s/ Daniel J. Lynch
                              Daniel J. Lynch
                              United States Magistrate Judge

Date: August 6, 2010

```
cc:     Terry L. Ollila, Esq.
        Richard F. Monteith, Jr., Esq.
        U.S. Marshal
        U.S. Probation
```